HOSPITAL EMPLOYEES' DIVISION OF LOCAL 79, SERVICE
EMPLOYEES' INTERNATIONAL UNION, AFL-CIO v FLINT
OSTEOPATHIC HOSPITAL

1. Labor Relations—Successor Employers—Bargaining Agents.

A successor employer is bound to bargain collectively with the
labor union recognized during the tenure of its predecessor
when the nature of the employment is substantially similar
and a majority of the employees have been retained.

2. Labor Relations—Successor Employers.

A hospital, in taking over its dietary department from a contrac-
tor to operate itself, and hiring a majority of former employees,
became obligated as a successor employer to bargain with the
union recognized as the bargaining agent of the dietary employ-
ees during tenure of the contractor.

3. Labor Relations—Collective Bargaining—Bargaining Unit.

The dietary department of a hospital is an appropriate unit for
collective bargaining where it has been recognized as a bargain-
ing unit while operated by a contractor, even though there
already is a bargaining unit of other nonprofessional, nontech-
nical employees of the hospital (MCLA 423.9e).

Appeal from Michigan Employment Relations
Commission, Labor Relations Division. Submitted
Division 2 April 7, 1972, at Lansing. (Docket Nos.
12166, 12167.) Decided October 19, 1972. Leave to
appeal granted, 389 Mich 760.

Plaintiff Hospital Employees' Division of Local
79, Service Employees' International Union, AFL-
CIO, brought an unfair labor practice charge
against defendant Flint Osteopathic Hospital for
refusal to bargain. Plaintiff and defendant pe-
titioned for a representation election, defendant

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 48 Am Jur 2d, Labor and Labor Relations §§ 646, 1028.

seeking to have intervenor, Local 1850, Council 21, American Federation of State, County and Municipal Employees, appointed its bargaining agent. Unfair labor charge and both petitions dismissed. Plaintiff appeals. Reversed in part, affirmed in part, and remanded for further proceedings.

*White, Newblatt & Grossman,* for plaintiff.

*Draper, Daniel & Ruhala,* for defendant.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Francis W. Edwards,* Assistant Attorney General, for the intervenor.

Before: QUINN, P. J., and V. J. BRENNAN and TARGONSKI,* JJ.

V. J. BRENNAN, J. The events which led to this lawsuit are not in dispute. On October 16, 1960, the Flint Osteopathic Hospital (hereinafter referred to as "Hospital") entered into an agreement with the Prophet Company of Detroit (hereinafter referred to as "Prophet"). Prophet agreed to operate the Hospital dietary department on a "cost plus" basis. Prophet was to furnish, prepare, and serve food for the patients and employees of the Hospital; to maintain the premises provided by the Hospital; and to pay whatever employees were required to perform these services. In 1964, the Hospital Employees' Division of Local 79, Service Employees' International Union, AFL-CIO (hereinafter referred to as "SEIU") was designated by the National Labor Relations Board as the exclusive bargaining representative of Prophet employees at

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

the Hospital's dietary department. In 1969, Local 1850, Council 21, American Federation of State, County and Municipal Employees AFL-CIO (hereinafter referred to as "Intervenor Union") was designated the collective bargaining representative of all other nontechnical, nonprofessional employees of the Hospital by the Michigan Employment Relations Commission (hereinafter referred to as "MERC").

On June 9, 1970, Hospital notified Prophet that it intended to terminate their contract effective August 15, 1970. On June 22, 1970, SEIU contacted the Hospital seeking to renegotiate its collective bargaining agreement. The Hospital declined to bargain, claiming it was not a party to the collective bargaining agreement.

During the ensuing weeks, the Hospital took over the operation of its dietary department and hired the manager, assistant manager and supervisory employees who had run the dietary department under Prophet in their same positions and functions. The Hospital hired about 88% of the former dietary department work force, amounting to about 65 employees.

On August 20, 1970, SEIU filed an unfair labor practice charge with MERC, charging the Hospital with refusal to bargain. On October 8, 1970, the Hospital filed a petition for a representation election seeking to have the Intervenor Union represent all nontechnical, nonprofessional employees at the Hospital, including the dietary department employees. On January 19, 1971, the SEIU petitioned for a representation election.

Following hearing on the companion petitions, a hearing officer of MERC concluded that the Hospital had not failed to bargain because it was not a party to the collective bargaining agreement be-

tween SEIU and Prophet. The hearing officer held that the Hospital was not the "alter-ego" of Prophet Food Company because there was no evidence in the record of common control, ownership or direction between the two. He also held the Hospital was not required to bargain as a "successor employer" because the Hospital did not take over the entire catering business of Prophet. In addition, the hearing officer dismissed the Hospital's petition for a representation election because the Intervenor Union did not desire to represent the dietary employees and because there was already in existence a valid collective bargaining agreement. Finally, the hearing officer recommended that SEIU's petition for a representation election be dismissed because, under its prior cases, a dietary unit of a Hospital was considered an inappropriate unit for collective bargaining purposes.

By decision and order dated June 15, 1971, MERC adopted the findings and recommendations of the hearing officer and dismissed the representation petitions of SEIU, the Hospital, and the unfair labor practice charge.

SEIU sought and was granted leave to appeal by this Court. They raise several issues for our consideration. The first issue which we shall consider is whether the Hospital is the "successor employer" of the former Prophet employees so as to require the Hospital to bargain with SEIU. After this case was argued before this Court, the United States Supreme Court decided the case of *NLRB v Burns International Security Services, Inc,* 406 US 272; 92 S Ct 1571; 32 L Ed 2d 61 (1972). That case, like the case at bar, involved a change of employers with no transfer of assets, and the retention by the new employer of a number of its predecessor's

employees sufficient to constitute a majority of the new work force. The predecessor's employees had just recently selected a collective bargaining representative. The Supreme Court held:

" * * * where the bargaining unit remains unchanged and a majority of the employees hired by the new employer are represented by a recently certified bargaining agent there is little basis for faulting the Board's implementation of the express mandates of § 8(a)(5) and § 9(a) [of the National Labor Relations Act] by ordering the employer to bargain with the incumbent union. This is the view of several courts of appeal and we agree with those courts. *NLRB v Zayre Corp,* 424 F2d 1159, 1162 (CA 5, 1970); *Tom-A-Hawk Transit, Inc, v NLRB,* 419 F2d 1025, 1026–1027 (CA 7, 1969); *S S Kresge Co v NLRB,* 416 F2d 1225, 1234 (CA 6, 1969); *NLRB v McFarland,* 306 F2d 219, 220 (CA 10, 1962)." *Burns, supra,* 406 US at 281; 92 S Ct at 1579; 32 L Ed 2d at 69.

Under Michigan law, as under the Federal law, an employer is under a duty to bargain with the representative of a majority of his employees. *Teamsters Union v Uptown Cleaners,* 356 Mich 204 (1959). As the MERC correctly argues here, there is no Michigan case law which sets forth the duty of a successor employer to bargain with a union recognized by his predecessor. From this date forward such will not be the case. We here hold that a successor employer is bound to bargain collectively with a labor union duly recognized during the tenure of the predecessor when a majority of the successor's work force consists of former employees of the predecessor and the nature of their employment is substantially similar.

SEIU also argues that the MERC erred when it determined that the dietary department of the Hospital was not an appropriate bargaining unit. While the MERC correctly held that a Hospital-

wide bargaining unit is most appropriate, we feel that based on the history of labor-management relations at the Hospital, the dietary department is also an appropriate bargaining unit. The relevant statute provides:

"The board, after consultation with the parties, shall determine such a bargaining unit as will best secure to the employees their right of collective bargaining. The unit shall be either the employees of 1 employer employed in 1 plant or business enterprise within this state, not holding executive or supervisory positions, or a craft unit, or a plant unit, or a subdivision of any of the foregoing units: Provided, however, *That if the group of employees involved in the dispute has been recognized by the employer or identified by certification, contract or past practice, as a unit for collective bargaining, the board may adopt such unit.*" MCLA 423.9e; MSA 17.454 [10.4] (emphasis added).

While this statute speaks in permissive rather than mandatory terms, we feel that any holding which rejects the propriety of this Hospital's dietary department as a bargaining unit is irrational and unsupportable in that it prevents these individuals from enjoying the benefits to be obtained by collective bargaining and furthermore frustrates the oft-stated policy of this state's labor law to preserve labor-management peace.

In view of our decision herein, we need not review the other issues on this appeal. Having held that the Hospital is required to bargain with the SEIU because the latter still represents the employees in an appropriate bargaining unit, it necessarily follows that a representation election would be inappropriate. The MERC decision dismissing SEIU's unfair labor practice charge is reversed; for the reason set forth above, the dis-

missal of the Hospital's and the SEIU's representation petitions by MERC is affirmed.

Reversed in part, affirmed in part; remanded for proceedings consistent with this opinion.

QUINN, P. J., concurred.

TARGONSKI, J., concurred in the result.